**BARGER v PENNSYLVANIA RD. CO.**

Ohio Appeals, 3rd Dist, Union Co

No 198. Decided June 20, 1941

Richard C. Thrall, Marysville, for plaintiff-appellee.

Hoopes, Sanders & Hoopes, Marysville, for defendant-appellant.

## OPINION

### By KLINGER, PJ.

Under the facts and circumstances in this case I believe the question of contributory negligence was properly left to the jury, and in my opinion the finding and judgment of the trial court should be affirmed.

Counsel cite, among others, the case of **D. T. & I. R.R. Co. v Rohrs, 114 Oh St 493.**

However, this conclusion is based as set forth in the second syllabus, which is as follows: "When such driver upon the highway has a clear and unobstructed view each way along a straight railroad track when near to and before going upon such crossing, and fails in broad daylight to see an engine or train which is then very close to the highway and so near thereto as that if the driver of the vehicle goes ahead a collision will be inevitable, such driver is guilty of negligence in going upon the crossing at that time and under those circumstances."

This is entirely different from the facts in the case before us. It is undisputed in the case before us, that at a distance of approximately fourteen hundred and eighty feet west of the street crossing where the collision occurred the railroad track makes a curve to the south and a train would not be visible to any one crossing the railroad tracks when the train was approaching from beyond this curve. It is also undisputed that this train was traveling from seventy to seventy-five miles an hour. It is also undisputed

that the plaintiff looked and listened and did not see or hear the train approach before he entered upon the track, and he made this observation at a point that he should make it, namely, just before entering upon the track. Hence, I conclude that the plaintiff was not guilty of contributory negligence. I believe the law as laid down in **123 Oh St 552; 24 Oh St 631; 133 Oh St 595, and especially 273; 64 Oh Ap 412,** govern under the facts as disclosed by the undisputed evidence.

CROW, J., concurs in the judgment of affirmance for the reason that the record fails to show reversible error in any assignment of error as argued in the brief of appellant. **Sec. 12223-21 GC.** 3 American Jurisprudence 332.

GUERNSEY, J., dissenting:

The collision between the motor truck operated by the plaintiff and the railroad train operated by the defendant at a speed of at least seventy miles an hour, occurred at a grade crossing on Pleasant Street in the Village of Milford Center, Union County, Ohio. The plaintiff testified that he was "familiar with this crossing and used it a great deal", and that he knew "that Pennsylvania trains ran through there at considerable speed" and that he knew it was "a crossing where you should watch before you crossed." And he also testified that his sight and hearing were good, and that when he was about to go upon the track to cross over it, he did no more than to look.

Upon the facts in this case it was the duty of the plaintiff, at the place where he brought his truck to a stop with the front bumper six feet south of the south rail of the eastbound track of the defendant, to look and listen for approaching trains before proceeding onto the track. If he looked and listened, and the train approaching from the west with which his truck collided was within sight or hearing, he was negligent as a matter of law in not observing the same and refraining from proceeding across the track until

the train had passed over the same, and such negligence, as a matter of law constituted a directly contributory cause of his injuries which would preclude him from recovery. On the other hand, if the approaching train, at the time he looked and listened, was, at the place from which he looked, beyond his clear view which extended fourteen hundred and eighty feet in the direction from which it was approaching, and/or beyond his hearing, he was, in view of his admitted knowledge of the considerable speed at which trains were operated on said track and over said crossing and the dangerous character of the crossing, negligent as a matter of law in proceeding onto and over the crossing at the slow rate of speed he proceeded which he testified was approximately one mile an hour, and such negligence, as a matter of law was a directly contributing cause of his injury precluding him from recovery.

The trial court therefore erred in overruling the motion of the defendant for the direction of a verdict in its favor and for this error the judgment should be reversed and final judgment entered in favor of the defendant at costs of plaintiff.